```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSLVANIA
```

Scott Wolfgang, Administrator       :
of the Estate of Laurie A. Wolfgang
Deceased,                           : Case No. 3:12-CV-1218

        Plaintiff                   :

    v.                              : (Judge Richard P. Conaboy)

Davis Allen Channell and
D & W Truck Lines, Inc.             :

        Defendants.                 :

_____

**Memorandum**

We consider here Plaintiff Scott Wolfgang's Motion to Compel Production of Documents (Doc. 25) filed January 2, 2013. The motion has been fully briefed (Docs. 26 and 28) by the parties and is ripe for disposition. The motion seeks production of several kinds of documents which the Court will discuss in turn.

**A.  Factual Background.**

This case is a wrongful death and survival action arising from a motor vehicle accident in Schuylkill County on December 13, 2011 that claimed the life of Plaintiff's decedent, Laurie A. Wolfgang. Mrs. Wolfgang's car allegedly ran into the back of a disabled trailer that was being towed by a tow truck operated by Defendant David Channell ("Channell") and owned by Defendant D. & W Truck Lines, Inc. ("D & W"). It is further alleged that Channell was operating D & W's vehicle at 25 miles per hour in a 65 mile per

1

hour zone on an interstate highway after nightfall and without adequate lighting.  Plaintiff's Amended Complaint (Doc. 13) also alleges that Channell was negligent per se in violating several Pennsylvania statues and applicable sections of the Code of Federal Regulations and that his negligence was the proximate cause of the accident.  The Amended Complaint also seeks punitive damages against both Channell and D & W on the basis that each acted recklessly and with willful disregard for Plaintiff's decedent's safety.

**B.   Legal Standard.**

Federal Rule of Civil Procedure 26 (b)(1) provides in relevant part:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or tangible things and the identity and location of persons who know of any discoverable matter... .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26 establishes a liberal discovery policy, Great West Life Assurance Company v. Levithan, 152 F.R.D. 494, 497 (E.D.Pa. 1994).  Discovery is generally permitted of any items

2

that are relevant or may lead to the discovery of relevant information. Hicks v. Big Brothers/Big Sisters of America, 168 F.R.D. 528, 529 (E.D.Pa. 1996); Stabilus v. Haynsworth, Baldwin, Johnson, and Greaves, P.A., 144 F.R.D. 258, 265-66 (E.D.Pa. 1992)(when there is no doubt about relevance a court should tend toward permitting discovery). Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. Callahan v. A.E.D., Inc. 947 F.Supp. 175, 177 (W.D.Pa. 1996); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D.Pa. 1996).

Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." Stabilus, 144 F.R.D. at 265. The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information. S.S. Fretz, Jr., Inc. v. White Consolidated Industries, Inc., No. 90-1731, 1991 W.L. 21655, at 2 (E.D.Pa. Feb. 15, 1991).

The burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. Hicks, 168 F.R.D. at 529; Goodman v. Wagner, 553 F.Supp. 255, 258 (E.D.Pa. 1982). The party objecting to discovery must show

3

that the requested materials do not fall "within the broad scope of relevance...or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." Burke v. New York City Police Department, 115 F.R.D. 220, 224 (S.D.M.Y. 1987).

**C.   Types of Documents Sought.**

   **1.   Defendant D & W's internal accident report.**

   Plaintiff seeks production of the internal accident report D & W was required to prepare pursuant to Title 49, § 390.15 of the Code of Federal Regulations which, in pertinent part, states:

   **§ 390.15 Assistance in investigations and special studies.**

   (b) For accidents that occur after April 29, 2003, motor carriers must maintain an accident register for three years after the date of each accident. For accidents that occurred on or prior to April 29, 2013, motor carriers must maintain an accident register for a period of one year after the date of each accident. Information placed in the accident register must contain at least the following:

   (1) A list of accidents as defined at § 390.5 of this chapter containing for each accident:

   (i) Date of accident.

4

> (ii) City or town, or most near, where the accident
> occurred and the State where the accident occurred.
>
> (iii) Driver Name.
>
> (iv) Number of injuries.
>
> (v) Number of fatalities.
>
> (vi) Whether hazardous materials, other than fuel spilled
> from the fuel tanks of motor vehicle involved in the
> accident, were released.
>
> (2) Copies of all accident reports required by State or
> other governmental entities or insurers.

Defendant resists production of the internal accident "register" prepared in the case sub judice on two grounds: (1) that it was prepared in anticipation of litigation and thus is privileged pursuant to Rule 26 (b)(3) of the Federal Rules of Civil Procedure; and (2) that it is not discoverable because it is not admissible.

In response to Defendant's argument that the accident report is privileged, Plaintiff cites Sharp v. Government of Virgin Islands, 77 Fed. Appx. 82, 85 (3d. Cir. 2003), for the proposition that "the work-product doctrine does not protect documents prepared in the ordinary course of business, or pursuant to public requirement unrelated to litigation, or for other non-litigation purposes." With respect to Defendant's argument that the accident report is not discoverable because it is inadmissible, Plaintiff

5

argues that information need not be admissible at trial to be subject to discovery as long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence. McConnell v. Canadian Pacific Realty Company, 280 F.R.D. 188, 192 (M.D.Pa. 2011) Hicks v. Big Brothers of America, 168 F.R.D. 528, 529 (E.D.Pa. 1996). The Court concludes that Plaintiff is correct in its argument that the work-product doctrine cannot protect documents which, even if prepared in anticipation of litigation, were prepared incident to a "public requirement unrelated to litigation" as discussed in Sharp, supra. The Court concludes also that, even if the accident report ultimately may be inadmissible, it remains discoverable because, given the theories of recovery Plaintiff has chosen, the accident report could obviously lead to the discovery of relevant, admissible evidence. Thus, Defendant will be required to produce the internal accident report prepared in connection with its obligations under 49 C.F.R. § 390.15.

**2. Lighting citations since 1996**.

Plaintiff has requested production of "all documents regarding citations and/or violations of any type related to lighting on D & W Truck Lines, Inc.'s vehicles since 1996." Defendant has refused to produce such documents based on its assertion that the request is "overly broad and unduly burdensome in that it seeks all documents, which could mean any number of records and requests

citations and violations of any type." (Doc. 28 at 7-8). This argument is unpersuasive inasmuch as Plaintiff has limited its request to documents regarding "violations of any type related <u>to lighting</u>" (emphasis added). Given the nature of allegations in Plaintiff's Amended Complaint, which includes a prayer for punitive damages, it is obviously relevant for Plaintiff to inquire as to whether other vehicles operated by Defendant had been cited for insufficient or inoperative lighting of any fashion. Proof of this type will be germane to Plaintiff's allegations that Defendant failed to maintain its vehicles in a manner demonstrating reckless disregard for the public safety. Accordingly, Plaintiff's request for documents having to do with citations issued related to the lighting on Defendant's vehicles must be granted.

**3. Tachometer readings and other records indicating when the tow truck in question was idling, when it was actually moving, and the speed at which it was moving at the time of the accident.**

Plaintiff's request for tachometer readings or other types of monitoring that would shed light on when the tow truck driven by David A. Channell was idling and when it was moving is based on Plaintiff's contention that such information could shed light on which party was responsible for the crash. (Doc. 26 at 12). Defendant's response unequivocally indicates that no such tachometer readings exist because the subject vehicle was not equipped with a tachometer nor was it equipped with other

7

instruments that could have recorded the type of data Plaintiff seeks. Because it is clear that the Defendant cannot produce that which does not exist, Plaintiff's requests in this regard must be denied.

**4. Documents regarding any accident involving a tow truck owned or leased by D & W.**

Plaintiff seeks documents regarding any accident involving D & W tow trucks because he contends that such records would be probative of D & W's failure to properly manage and train its drivers or of D & W's imposition of inappropriate and burdensome working conditions on its drivers. Defendant resists production of such documents by claiming that the information sought is irrelevant and that prior accidents involving its vehicles are inadmissible pursuant to 29 U.S.C. § 504 (f).[1] Defendant also contends that Gumbs v. Int'l Harvester, Inc., 718 F.2d 88 (3d. Cir. 1983), a case Plaintiff cites for the proposition that prior accidents involving other D & W tow trucks may be relevant to his claim for punitive damages, is applicable only in the context of a products liability case and, hence, may not be used to buttress Plaintiff's argument.

---

[1] The Court has reviewed 29 U.S.C. Section 504(f) and concludes that it has nothing to do with motor vehicle accidents or the reporting requirements for such events. Moreover, even if information regarding prior accidents involving its vehicles were inadmissable, it would still be calculated to lead to the discovery of admissible evidence and, thus, be discoverable. See Callahan, supra.

Plaintiff responds that, should prior reports of accidents involving D & W's tow trucks indicate a pattern of D & W habitually ignoring safety standards mandated by the Code of Federal Regulations, such a revelation would be relevant as probative of Plaintiff's reckless disregard for public safety and, thus, probative of Plaintiff's claim for punitive damages in this case. Also, the obvious potential for prior accident reports involving D & W tow trucks to shed light on whether D & W subjected its employees to overly burdensome working conditions and failed to provide them with proper equipment, as alleged in Plaintiff's Amended Complaint, renders these accident reports "relevant evidence" as that concept is outlined in Gumbs, supra at 97. [2]

The Court accepts Plaintiff's argument that discovery of D & W reports concerning accidents involving its tow trucks over the years is reasonably calculated to lead to the discovery of relevant, admissible evidence. Accordingly, Plaintiff's request for production of the accident reports it seeks will be granted.

**5. A list of D & W's equipment available for towing.**

Defendant's objection to providing documentation which identifies its "equipment available for towing" is premised on its assertion that the request is unduly burdensome and oppressive in that many items responsive to the request have nothing to do with

---

[2] Our reading of Gumbs persuades us that its discussion of the boundaries of relevant evidence is applicable to civil cases generally and not, as urged by D & W, confined to products liability cases.

9

the cause of the accident as alleged in Plaintiff's Amended Complaint. While the Court has some reservation regarding the representation that Plaintiff's request is oppressive, the Court does agree that the request is overly broad and seeks production of documents related to types of equipment that are not germane to the accident in question. Thus, the Court will limit the extent of production required on this subject. To the extent that Defendant possesses records itemizing or describing the lighting equipment it possesses for use on its tow trucks, the Court finds that these documents, in whatever form, should be made available for inspection by Plaintiff's counsel at Defendant's place of business at a mutually convenient time.

**6. Bills of lading and related documents.**

Plaintiff seeks the bills of lading or other documents related to the shipment that the disabled trailer was hauling at the time it broke down. Defendant contests the relevance of these documents on the grounds that the individual who was operating the trailer was not the same individual who was operating the tow truck involved in the accident. Defendant also contends that compiling these documents is unduly burdensome.

Plaintiff responds that the driver of the disabled trailer was a witness to the accident and that the bills of lading for the disabled trailer can establish how long he had been working and how far he had driven on the date of that accident. This, Plaintiff

10

contends, is relevant information because, should it indicate that the witness had been driving too long on the date in question, his degree of alertness at the time of the accident and the accuracy of any testimony he renders will be called into question.

The Court finds that the records Plaintiff seeks incident to this request are potentially relevant.  Moreover, the Court does not appreciate how their production can cause any significant burden to the Defendant.  Accordingly, the Court finds that Defendant must make these bills of lading and related documents available for inspection at its place of business by Plaintiff's attorney at a mutually convenient time.

**D.  Conclusion.**

An Order consistent with the Court's aforementioned findings will be filed contemporaneously with this Memorandum.


**BY THE COURT**

                                        S/Richard P. Conaboy
                                        **Honorable Richard P. Conaboy**
                                        **United States District Judge**

Dated: May 22, 2013